UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARCHIE LENNELL ROBINSON                                  PLAINTIFF

V.                                       CIVIL ACTION NO. 3:24-CV-553-KHJ-MTP

TROOPER E. STINGLEY, et al.                               DEFENDANTS

ORDER

Before the Court is Defendants Trooper E. Stingley and Colonel Charles Haynes' [14] Motion to Dismiss for Lack of Jurisdiction. The Court grants the motion.[1] The Court also dismisses without prejudice all official-capacity claims against Defendant Sheriff Mike Lee under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     Background

Pro se Plaintiff Archie Lennell Robinson filed a two-page [1] Complaint. It alleges that Robinson was driving in Scott County, Mississippi. *See id.* at 1. Police allegedly arrested him "for the smell of marijuana" and charged him with driving under the influence. *Id.* They also "thoroughly searched" and impounded his car. *Id.*

Based on those allegations, Robinson asserts various constitutional claims for money damages. *See id.* He does so against three Defendants in their "official capacit[ies]": (1) Stingley, a Mississippi State Trooper; (2) Haynes, the Director of the Mississippi Highway Patrol; and (3) Lee, the Sheriff of Scott County.[2]

---

[1] The Court therefore finds as moot their [12] Motion for Judgment on the Pleadings.

[2] *See* [1] at 1; [14] at 1; *Colonel Charles Haynes*, Miss. Dep't of Pub. Safety, www.dps.ms.gov/highway-patrol/Charles-Haynes (last visited Dec. 10, 2024); *Meet the*

The two state officials, Stingley and Haynes, moved to dismiss based on sovereign immunity. [14] at 1. Robinson failed to respond to that motion. And because the Court permitted Robinson to proceed *in forma pauperis*, Order [8], his claims against Lee are subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B).

II.   Analysis

Sovereign immunity bars Robinson's official-capacity claims against Stingley and Haynes. And Robinson fails to state an official-capacity claim against Lee. So the Court dismisses all of Robinson's claims without prejudice.

A.  Stingley and Haynes

The Court grants Stingley and Haynes' [14] Motion to Dismiss based on sovereign immunity. [14] at 1.

Federal Rule of Civil Procedure 12(b)(1) allows parties, before answering, to move to dismiss for lack of subject-matter jurisdiction.[3] "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996). "Claims for money damages against state officials in their official capacities are generally barred by

---

*Sheriff*, Scott Cnty. Sheriff Dep't, www.scottcountyso.org/about/meet-the-sheriff/ (last visited Dec. 10, 2024).

[3] Although the state officials invoke Rule 12(h)(3), their pre-answer motion challenges the Court's jurisdiction, so it arises under Rule 12(b)(1). *See* [14] at 1; Fed. R. Civ. P. 12(b)(1). To be safe, the Court alternatively dismisses the claims under Rule 12(h)(3) for the reasons discussed below. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (permitting sua sponte dismissal based on sovereign immunity).

state sovereign immunity unless Congress has validly abrogated that immunity or the state has consented to suit." *Williams v. Banks*, 956 F.3d 808, 810 & n.1 (5th Cir. 2020).

Sovereign immunity bars Robinson's "official capacity" damages claims against Stingley and Haynes. [1] at 1. Neither exception to the bar applies: Congress did "not disturb Mississippi's state sovereign immunity," and Mississippi "has not waived its state sovereign immunity and consented to suit in federal court." *Williams*, 956 F.3d at 810–11 & nn.2–3. So sovereign immunity bars these claims, which the Court dismisses without prejudice. *Carver*, 18 F.4th at 498–99.

B.  Lee

The Court also dismisses without prejudice the official-capacity claims against Lee.

Because Robinson is proceeding *in forma pauperis*, his claims are subject to dismissal under Section 1915(e)(2)(B)(ii). That statute requires the Court to dismiss a case that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).[4] To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Benfer v. City of Baytown*, 120 F.4th 1272, 1279 (5th Cir. 2024) (cleaned up). "Facial plausibility is satisfied when the plaintiff pleads factual content that allows the court to draw the

---

[4] That provision applies to prisoners and nonprisoners alike. *E.g.*, *Adimora-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561, at *3 (5th Cir. June 7, 2024) (per curiam); *Newsome v. EEOC*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam) (applying Section 1915(e)(2) to a nonprisoner).

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up).

Official-capacity claims against a county sheriff like Lee "are treated as claims against the municipal entity he represents." *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012). So to state a claim, Robinson must "plead facts that plausibly establish a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020) (cleaned up).

But Robinson's two-page [1] Complaint fails to plausibly establish an official policy. It pleads no facts that (1) Scott County had any formal, written policy; (2) Scott County had any "widespread practice"; or (3) Lee himself "performed the specific act that forms the basis of the [Section] 1983 claim." *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023). Rather, the [1] Complaint only "describe[s] the incident that gave rise to his injury" in general terms. *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018); *Ratliff*, 948 F.3d at 285 (cleaned up). It thus fails to plausibly establish an official policy. *See id.*

It also fails to plausibly establish a constitutional violation. The [1] Complaint alleges only that unidentified officials smelled marijuana, searched and impounded Robinson's car, and charged him with driving under the influence. *See*

[1] at 1. Without additional factual content, the Court cannot reasonably infer that any official violated Robinson's constitutional rights. *See Benfer*, 120 F.4th at 1279.[5]

For those reasons, the Court dismisses without prejudice Robinson's official-capacity claims against Lee under Section 1915(e)(2)(B)(ii). *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (permitting sua sponte dismissal without prejudice). Still, because Robinson is proceeding pro se, the Court will permit him an opportunity to seek leave to amend. *Wilborn v. Holmes County*, No. 3:22-CV-187, 2023 WL 2335381, at *4 (S.D. Miss. Mar. 2, 2023). "Should [he] choose to file a motion to amend, the motion should be filed within 14 days of the entry of this order and should include as an exhibit a proposed amended complaint as required by Local Rule 15." *Id.* "If no motion to amend is filed within that time period, the Court will enter a final judgment in accordance with Federal Rule of Civil Procedure 58 with no further notice." *Id.*

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Stingley and Haynes' [14] Motion to Dismiss for Lack of Jurisdiction and FINDS AS MOOT their [12] Motion for Judgment on the Pleadings. The Court also DISMISSES without prejudice all official-capacity claims against Lee under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[5] *See also, e.g.*, *United States v. Moore*, 329 F.3d 399, 405 (5th Cir. 2003) ("Because the police smelled marijuana as they approached the vehicle, they had probable cause to search the vehicle."); *United States v. Andrews*, 22 F.3d 1328, 1333–34 (5th Cir. 1994) (discussing inventory searches of cars); Miss. Code Ann. § 63-11-30(1)(c) (making it unlawful to drive under the influence of marijuana).

If Robinson fails to file a properly supported motion for leave to amend within 14 days, the Court will enter a final judgment consistent with this Order.

SO ORDERED, this 18th day of December, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE