UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARCHIE LENNELL ROBINSON                                                    PLAINTIFF

V.                                               CIVIL ACTION NO. 3:24-CV-553-KHJ-MTP

TROOPER E. STINGLEY, et al.                                              DEFENDANTS

ORDER

Before the Court is pro se Plaintiff Archie Lennell Robinson's [21] proposed amended complaint, which the Court liberally construes as a motion for leave to amend. The Court denies the motion. It therefore will enter a separate final judgment dismissing all claims without prejudice. *See* Order [20] at 5–6.

I.      Background

Robinson originally sued three official-capacity Defendants: Trooper E. Stingley, Colonel Charles Haynes, and Sheriff Mike Lee. Compl. [1] at 1. Robinson's Complaint alleged that police arrested him "for the smell of marijuana," charged him with driving under the influence, and "thoroughly searched" and impounded his car. *Id.*

The Court dismissed without prejudice all official-capacity claims against Stingley and Haynes for lack of jurisdiction. [20] at 2–3. And it dismissed without prejudice all official-capacity claims against Lee under Section 1915(e)(2)(B)(ii). *Id.* at 3–5. Because Robinson is proceeding pro se, the Court allowed him to move for leave to amend within 14 days. *Id.* at 5.

In response, Robinson filed a one-page proposed amended complaint that names Stingley alone. [21]. The proposed pleading alleges that Stingley stopped Robinson's car, "violate[d his] rights," and caused physical and emotional harm. *Id.*

II.   Standard

"Although leave to amend should be freely given when justice so requires, a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (per curiam) (cleaned up).

III.   Analysis

Robinson's one-page proposed amended pleading names Stingley alone. [21]. Whether it seeks to assert official-capacity claims, individual-capacity claims, or both, amendment would be futile. The Court thus denies leave to amend.

Any official-capacity claims against Stingley still would "be subject to dismissal on the basis of . . . sovereign immunity." *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021) (cleaned up); *see also* [20] at 2–3. So amendment of those claims would be futile. *Aldridge*, 990 F.3d at 878.

And any individual-capacity claims against Stingley "would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). The Court explained that "[w]ithout additional factual content, the Court cannot reasonably infer that any official violated Robinson's constitutional rights." [20] at 5 (citing *Benfer v. City of Baytown*, 120 F.4th 1272, 1279 (5th Cir. 2024)). Although the proposed amended complaint alleges that Stingley stopped

2

Robinson's car, it includes no additional factual content about what Stingley did. *See* [21]. Nor does it include any additional factual content about the circumstances underlying the stop, search, or arrest. *See id.* Without more, the Court still cannot reasonably infer that Stingley violated Robinson's constitutional rights. *See* [20] at 4–5, 5 n.5.[1] The Court therefore denies leave to amend as futile.

Because the Court dismissed all claims and now denies leave to amend, it will enter a separate final judgment. *See* [20] at 5–6.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court denies Robinson's [21] motion for leave to amend. The Court will enter a separate final judgment consistent with its [20] Order and this Order.

SO ORDERED AND ADJUDGED, this 6th day of January, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[1] Robinson's proposed amended complaint asserts that Stingley "violate[d his] rights under the 'color of law.'" [21]. But "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Nix v. Major League Baseball*, 62 F.4th 920, 928 (5th Cir. 2023) (cleaned up); *see also, e.g.*, *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) ("[T]he plaintiff must plead specific facts, not mere conclusory allegations to state a claim for relief that is facially plausible." (cleaned up)).